509 A.2d 973

David W. Knauer, Petitioner *v.* Commonwealth of Pennsylvania, Department of Military Affairs, and Pennsylvania National Guard, Respondents.

Argued February 3, 1986, before Judges CRAIG and COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

*David W. Knauer, Cleckner and Fearen,* for petitioner.

*Michael B. Sutton,* Deputy Attorney General, with him, *Andrew S. Gordon,* Chief Deputy Attorney General, Chief Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for respondents.

OPINION BY JUDGE COLINS, May 23, 1986:

On July 10, 1977, David W. Knauer (Petitioner) was injured when a desk was dropped on his knee while he was on annual field training with the Pennsylvania National Guard. This injury prevents petitioner from participating in strenuous physical activity, including military duty. As a result of this injury, on December 9, 1983, the petitioner applied for military disability benefits with the Department of Military Affairs (Department) pursuant to Section 3501 of the Military Code (Code), 51 Pa. C. S. §3501. On February 21, 1985, the Adjutant General of the Department denied petitioner's application on the grounds that petitioner had not shown a loss of earning power under The Pennsylvania Workmen's Compensation Act,[1] and was therefore not entitled to military disability compensation under Section 3501 of the Code. This appeal followed.

We need only address the first of the issues raised by the parties, specifically whether an injury sustained while on Federally mandated and Federally funded annual field training is the type of injury for which a guardsman may be compensated pursuant to the provisions of Section 3501 of the Code. Section 3501 of the Code provides:

(a) General Rule.—If any officer or enlisted man of the Pennsylvania National Guard is injured or otherwise disabled, or dies as a result of injuries or other disability received or contracted while performing duty in active service of the Commonwealth or in the performance of other State military duty under competent order or authority, or while engaged in volunteer service during a civil emergency at the request of competent military authority, he or his dependents,

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§1-1031.

if not compensated therefor by the government of the United States, shall receive from the Commonwealth just and reasonable relief, the amount of compensation to be determined in accordance with the Workmen's Compensation Law of Pennsylvania [citation omitted]. The General Assembly shall appropriate the moneys necessary to provide for such compensation.

It is self-evident that participation in annual training is not active service for the state, nor is it volunteer service during a civil emergency. Therefore, for petitioner to be entitled to benefits, annual training must be the performance of other State military duty. Unfortunately for petitioner, our Supreme Court has recently held that annual training is not State military duty.[2] *Department of Military Affairs and Pennsylvania National Guard v. Greenwood*, 510 Pa. 348, 508 A.2d 292 (1986). The General Assembly intended to implement a system of state military benefits to be applicable only when a Pennsylvania National Guardsman is engaged in distinctively state military service. *Id*. The essentially federal character of annual training precludes such from being considered "other State military duty." Therefore, petitioner's claim does not come within the purview of Section 3501 of the Code, and we are constrained to find that he is ineligible for any compensation.

The Department's order is, accordingly, affirmed.

## ORDER

AND NOW, May 23, 1986, the order of the Department of Military Affairs, dated February 21, 1985, is hereby affirmed.

---

[2] *Greenwood* was decided under the provisions of Section 844 of The Military Code of 1949, Act of May 27, 1949, P.L. 1903, 51 P.S., §1-844. This provision was repealed by the Act of August 1, 1975, P.L. 233, and replaced by Section 3501 of the Code. The provisions are substantially identical.